IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BARRY E. SHELLEY, :
    Petitioner, :
        v. : Case No. 3:05-cv-293-MBC-KAP
GEORGE PATRICK, SUPERINTENDENT, :
S.C.I. HOUTZDALE, :
    Respondent :

## Report and Recommendation

### Recommendation

Petitioner, incarcerated at S.C.I. Houtzdale, is serving a term of 2-7 years imprisonment imposed on January 28, 2003, by the Court of Common Pleas of Somerset County. He has filed a petition for a writ of habeas corpus, docket no. 3. I recommend that the petition be denied without prejudice and a certificate of appealability be denied. The respondent is ordered to supplement the response.

### Report

Petitioner alleges and respondent agrees that petitioner was convicted of two counts of stalking (a first degree misdemeanor) and two counts of harassment (a summary offense) in Somerset County and was sentenced by the presiding visiting senior judge (Honorable Quint Salmon) on January 28, 2003, to two 180 day sentences on the harassment charges consecutive to what appear to be consecutive 1-3 year sentences on the stalking charges. Petitioner was represented on direct appeal by trial counsel, Jerome Kaharick, Esquire. The Pennsylvania Superior Court affirmed the petitioner's conviction and sentence in an unpublished opinion

dated May 6, 2004. Commonwealth v. Shelley, No. 423 WDA 2003 (Pa.Super. May 6, 2004). The petitioner sought allowance of appeal filed to the Pennsylvania Supreme Court, but that court denied review without comment on October 1, 2004. Commonwealth v. Shelley, No. 302 WAL 2004 (Pa. October 1, 2004).

Petitioner then filed this petition, alleging that his trial counsel had been ineffective for failing to call unspecified witnesses. At about the same time, petitioner filed a petition in the trial court under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§ 9541 et seq., apparently alleging the same claim. The presiding visiting senior judge (Honorable William Henry) appointed Edward Iseman, Esquire, counsel for petitioner, and denied relief on February 27, 2008. Petitioner filed a notice of appeal on March 17, 2008, and the matter is now pending before the Pennsylvania Superior Court. Commonwealth v. Shelley, No. 540 WDA 2008 (Pa.Super.); see also attachments to the Response, docket no. 8.

A petitioner may not obtain a writ of habeas corpus on the basis of a claimed violation of federal law unless he has exhausted his claim in the state courts, 28 U.S.C.§ 2254(b)(1)(A), has no remedy in the state courts, or in form has a remedy but circumstances make that remedy ineffective. 28 U.S.C.§ 2254(b)(1)(B). In general, the ordinary lapse of time not attributable to a breakdown in the state's court system does not

constitute "circumstances" within the meaning of 28 U.S.C.§ 2254(b)(1)(B)(ii) that render the state's process ineffective to protect petitioner's rights. An instance of the rare circumstances excusing resort to the state court would be the credible threat of mob violence tainting the state's judiciary's impartiality. See Moore v. Dempsey, 261 U.S. 86 (1923). By contrast, in Lambert v. Blackwell, 134 F.3d 506, 516 (3d Cir.1997), the Court of Appeals reversed the District Court's excusing of exhaustion on the grounds of futility by referring to its holding in Christy v. Horn, 115 F.3d 201, 207 (3d Cir.1997), that even "the mere risk that the state courts would not stay the petitioner's execution while his federal constitutional claims are being litigated did not amount to an "unusual circumstance [excusing exhaustion.]" If the "mere" risk of execution did not excuse a death row inmate's resort to state process in Christy, the fact that petitioner's appeal is pending in the state court surely does not. In general, the Court of Appeals for the Third Circuit excuses exhaustion in collateral attacks on a conviction when the delay in the state court approaches three years. See Story v. Kindt, 26 F.3d 402, 405-06 (3d Cir.) (collecting cases holding that delays of between 33 months and 12 years are sufficient to excuse exhaustion of state remedies), cert. denied, 513 U.S. 1024 (1994). But see Carter v. Vaughn, 62 F.3d 591 (3d Cir.1995)(monitoring of state court proceedings rather than excusing exhaustion is the appropriate

3

first course of action). Here, the appeal from the denial of collateral relief is pending before the Pennsylvania Superior Court and there is no reason to believe that it has been or will be delayed. The petition should be dismissed without prejudice to considering petitioner's claim on the merits if the Pennsylvania Superior Court does not issue a decision within the year.

One further note must be added. The District Attorney's Office of Somerset County has already been sanctioned for filing a response in a form not acceptable under this court's filing rules. But the response was captioned "In the Court of Common Pleas of Somerset County," was styled "Commonwealth vs. George Patrick," and was mailed to the Pennsylvania Superior Court's address in Pittsburgh. It fails to include more than the most rudimentary information about the proceedings in the state court, and does not comply with Rule 5 of the Rules governing Habeas Corpus Cases under Section 2254 in the United States District Courts, 42 U.S.C. Appendix. Within the time for filing objections, the respondent shall submit (by U.S. Mail at my office address) a paper copy of the Pennsylvania Superior Court's opinion on petitioner's direct appeal, a copy of petitioner's appellate brief on direct appeal, a copy of petitioner's petition for allowance of appeal on direct appeal, and a copy of petitioner's PCRA petition and any amendments thereto. The District Attorney of Somerset County shall also take steps promptly to comply with the 2005 order

4

of this court requiring counsel practicing in this court to file documents electronically.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: May 15, 2008

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

    Barry E. Shelley FL-5014
    S.C.I. Houtzdale
    P.O. Box 1000
    Houtzdale, PA 16698-1000

    James Jacobs, Esquire
    Office of the District Attorney
    Somerset County Courthouse
    111 East Union Street, Suite 30
    Somerset, PA 15501